10-4956-cv
Bazadier v. McAlary

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of February, two thousand twelve.

PRESENT:
ROBERT A. KATZMANN,
SUSAN L. CARNEY,
    *Circuit Judges*,
JANE A. RESTANI,
    *Judge*.[*]

_____

Frank Alain Bazadier,

    *Plaintiff-Appellant*,

                    v.                                            10-4956-cv

John J. McAlary, in his official capacity as the Executive Director of the New York Board of Law Examiners, Jonathan Lippman, in his official capacity as Judge on the New York Court of Appeals, Carmen Beauchamp Ciparick, in her official capacity as Judge on the New York Court of Appeals, Vicoria A. Graffeo, in her official capacity as Judge on the New York Court of Appeals, Robert S. Smith, in his official capacity as Judge on the New York Court of Appeals, Theodore Jones, in his official capacity as Judge on the New York Court of Appeals, Susan P. Read, in her official capacity as Judge on the New York Court of Appeals, Eugene F. Pigott, Jr., in his official capacity as Judge on the New York Court of Appeals,

    *Defendants-Appellees*.

_____

_____

[*] Judge Jane A. Restani, of the United States Court of International Trade, sitting by designation.

FOR APPELLANT:        FRANK ALAIN BAZADIER, *pro se*, Los Angeles, CA.


FOR APPELLEES:        CLAUDE S. PLATTON, Assistant Solicitor General (Kate H. Nepveu,
                      Assistant Solicitor General, Barbara D. Underwood, Solicitor
                      General, Andrew D. Bing, Deputy Solicitor General, *on the brief*),
                      for Eric T. Schneiderman, Attorney General of the State of New
                      York, Albany, N.Y.


Appeal from a judgment of the United States District Court for the Northern District of

New York (Sharpe, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND**

**DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Frank Alain Bazadier, a California licensed attorney proceeding *pro se*,

appeals from the district court's dismissal of his complaint pursuant to Rule 12(c) of the Federal

Rules of Civil Procedure. We assume the parties' familiarity with the underlying facts, the

procedural history of the case, and the issues on appeal.

We review *de novo* a district court's decision to grant a motion for judgment on the

pleadings pursuant to Rule 12(c). *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 429 (2d

Cir. 2011). "In deciding a Rule 12(c) motion, we employ the same standard applicable to

dismissals pursuant to Rule 12(b)(6)." *Id.* (internal quotation marks omitted). To state a claim, a

complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although all allegations contained in the

complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v.*

*Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim will have "facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Id.* Although "it is often appropriate for a district court, when granting a motion to dismiss for failure to state a claim, to give the plaintiff leave to file an amended complaint," where amendment would be futile, denial of leave to amend is proper. *See Van Buskirk v. The N.Y. Times Co.*, 325 F.3d 87, 91-92 (2d Cir. 2003). Because Bazadier is acting as a *pro se* attorney, his pleadings are not entitled to the "special consideration which the courts customarily grant to *pro se* parties." *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 82 n.4 (2d Cir. 2001).

Having conducted an independent and *de novo* review of the record in light of these principles, we affirm for substantially the same reasons stated in the district court's thorough and well-reasoned November 9, 2010 decision and order. The arguments contained in Bazadier's brief do not alter this conclusion.

First, the district court properly concluded that, because Bazadier's claims do not implicate a fundamental right or a suspect class, they should be analyzed under rational basis review. *See Hayden v. Paterson*, 594 F.3d 150, 169-70 (2d Cir. 2010). The challenged Rules, Sections 520.3 and 520.5(a) of Title 22 of the New York Compilation of Rules and Regulations, which effectively bar a graduate of a correspondence law school from taking the New York bar examination, are not based upon the content of the instruction provided by a law school and do not favor or disfavor any form of speech on the ideas or views expressed. Rather, the Rules are occupational regulations that express a preference for one form of legal pedagogy over another.

Second, the district court properly concluded that, based on the State's argument that correspondence-based study offers less assurance that a graduate has received a legal education that is adequate for membership to the bar, the Rules had a rational relation to the State's legitimate interest in protecting the public from an incompetent bar. *See In re Griffiths*, 413 U.S.

3

717, 725 (1973) ("[A] State [has] a substantial interest in the qualifications of those admitted to the practice of law . . . ."); *see also People v. Alfani*, 227 N.Y. 334, 339 (1919) ("The reason why preparatory study, educational qualifications, experience, examination and license by the courts are required, is not to protect the bar . . . but to protect the public."). Bazadier failed to "negative every conceivable basis" upon which the Rules could be upheld. *Lewis v. Thompson*, 252 F.3d 567, 582 (2d Cir. 2001) (internal quotation marks omitted). Accordingly, the district court properly dismissed Bazadier's equal protection claim based on his First Amendment right of freedom of speech.

Finally, we concluded that the district court properly found that Bazadier had failed to state a claim based on an infringement of his First Amendment right of freedom of association for the reasons stated in its decision and order. Accordingly, because Bazadier's complaint failed to state a claim for relief, the district court properly dismissed it without first granting leave to amend.

We have considered all of Bazadier's arguments on appeal and find them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4